*Swain, J*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE CNOVA N.V. SECURITIES LITIGATION | MASTER FILE 16 CV 444-LTS |
| This Document Relates To:  All Actions | |

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED· *10-11-2017*

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT, GRANTING CONDITIONAL CLASS CERTIFICATION, AND PROVIDING FOR NOTICE TO THE CLASS**

This consolidated putative class action comes before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, Conditional Class Certification, and Approval of Notice ("Motion") and on the Stipulation and Agreement of Settlement dated September 20, 2017 ("Stipulation") entered into by Lead Plaintiffs and Defendants in the above-entitled action ("Action"). The Court has reviewed the Motion, the Memorandum, and the Stipulation with the attached exhibits, which set forth the terms and conditions for a proposed settlement of and for dismissal of the Action with prejudice, upon the terms and conditions of the Stipulation, and finds that the Motion is due to be granted.

All defined terms used in this Order shall have the same meanings as set forth in the Stipulation unless expressly indicated otherwise.

**NOW, THEREFORE**, the Court hereby **ORDERS**:

1.     The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, including the releases contained therein, as being fair, reasonable, and adequate as to the Class Members, subject to further consideration at the ~~Settlement~~ *Final Approval* Hearing described



below. Therefore, the motion for preliminary approval of the proposed Settlement is **GRANTED.**

2.      For purposes of settlement only, pursuant to Fed. R. Civ. P. 23(a) and (b)(3), the Court hereby certifies a Class consisting of all Persons and entities (other than those Persons and entities who timely and validly request exclusion from the Class in accordance with the requirements set forth herein) that purchased Cnova ordinary shares from November 19, 2014 through February 23, 2016, inclusive, issued pursuant and/or traceable to Cnova's Registration Statement, which incorporated the Prospectus that was filed pursuant to Rule 424(b)(4) on November 21, 2014, in connection with Cnova's initial public offering on or about November 19, 2014. Excluded from the Class are (i) Defendants; (ii)  the officers and directors of Defendants; (iii) Casino Guichard Perrachon SA; (iv) the officers and directors of any excluded person or entity; (v) members of the immediate family of any excluded person; the legal representatives, agents, heirs, successors, subsidiaries, affiliates or assigns of any excluded person or entity; and (vi) any other person or entity in which any excluded person or entity has a beneficial ownership interest and had contractual control over the operations and/or management of such other person or entity during the Class Period to the extent of the excluded person or entity's beneficial ownership interest in such person or entity.

3.      Solely for the purposes of effectuating the Settlement, the Court finds and concludes that the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied, as follows:

> (a)      the members of the Class are so numerous that joinder of all members is impracticable;
>
> (b)      there are questions of law and fact common to the Class;

(c)     the claims and defenses of the representative parties are typical of the Class;

(d)     the representative parties will fairly and adequately protect the interests of the Class; and

(e)     the Action satisfies the requirements of Fed. R. Civ. P. 23(b)(3) in that there are questions of law and fact common to the members of the Class that predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.     Solely for the purposes of effectuating the Settlement, the Court finds that Lead Plaintiffs Michael Schwabe and Jaideep Khanna possess claims that are typical of the claims of Class Members and that they have and will adequately represent the interest of Class Members, and the Court appoints them as the representatives of the Class and appoints Lead Counsel, Brower Piven, A Professional Corporation, as counsel for the Class.

5.     If for any reason the Settlement does not receive Final Court Approval, the Stipulation, including any amendment(s) thereof, and this Order certifying the Class solely for purposes of the Settlement shall, without the need for further action by the Court or any of the Lead Plaintiffs and Defendants, be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity. Each party shall be restored to his, her or its respective position as it existed as of May 22, 2017. In such circumstances, each of the parties shall retain its currently existing rights to seek or to object to the certification of this litigation as a class action under Fed. R. Civ. P. 23, or any state or federal rule, statute, law, or provision, and to

3

contest and appeal any grant or denial of certification in this litigation or in any other litigation on any other grounds.

5. A hearing ("Final Approval Hearing") shall be held before this Court on March 15, 2018, at 2:00 p.m. (Eastern) for the following purposes:

      (a)    to determine whether the Court should grant final certification to the Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3);

      (b)    to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court;

      (c)    to determine whether a Final Judgment as provided in ¶7 of the Stipulation should be entered;

      (d)    to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable, and should be approved by the Court;

      (e)    to determine whether any applications by Lead Counsel for attorneys' fees and/or reimbursement of expenses should be approved; and

      (f)    to rule upon such other matters as the Court may deem appropriate.

6. The Court approves, as to form and content, the Notice of Pendency of Class Action and Proposed Settlement (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and the Summary Publication Notice (the "Publication Notice") for publication, annexed as Exhibits 1-3 hereto, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Publication Notice in the manner and form set forth in this Order meet the requirements of Fed. R. Civ. P. 23, the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), as amended, including the Private Securities Litigation Reform

Act of 1995, and due process, and is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons and entities entitled to notice.

7.      This civil action was commenced after February 18, 2005. The Court directs Cnova to notify the appropriate Federal and State officials under the Class Action Fairness Act of 2005, 28 U.S.C. §1715. Counsel for Defendants shall, at or before the Final Approval Hearing, file with the Court proof of compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §1715.

8.      The Garden City Group, LLC ("Claims Administrator") is hereby appointed, under the supervision of Lead Counsel, to administer the notice procedure as well as the processing of claims as more fully set forth below:

(a)      To the extent it has not previously done so, Cnova shall provide to the Claims Administrator, within seven (7) business days after entry of this Order, without charge to any other Party, the names and last known addresses of potential Class Members as shown by Cnova's stock transfer records for the purposes of identifying and giving notice to the Class.

(b)      No later than fifteen (15) business days after entry of this Order, the Claims Administrator shall cause a copy of the Notice, substantially in the form annexed hereto as Exhibit 1 and Proof of Claim, substantially in the form annexed hereto as Exhibit 2, to be mailed by first class mail to all potential Class Members who can be identified with reasonable effort;

(c)      The Claims Administrator shall cause the Publication Notice, in substantially the form annexed as Exhibit 3, to be published three (3) separate times, with no less than four (4) business days between each publication, over the *PR Newswire* and/or similar national business-oriented newswire(s), with such publication completed no later than twenty-eight (28) calendar days after the mailing of the Notice; and

(d)     No later than twenty-one (21) calendar days before the Final Approval Hearing, Lead Counsel shall cause proof, by affidavit or declaration, of such mailing and publishing to be filed with the Court.

9.     All banks, securities brokers and other nominees who purchased the ordinary shares of Cnova for the beneficial ownership of Class Members during the Class Period shall send the Notice to all beneficial owners of such Cnova ordinary shares within seven (7) calendar days after receipt of the Notice from the Claims Administrator, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within seven (7) calendar days after receipt of the Notice from the Claims Administrator, in which event the Claims Administrator shall promptly mail the Notice to such beneficial owners. The Claims Administrator shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of pocket expenses incurred in providing notice to beneficial owners who are potential Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such Notice, subject to further order of this Court with respect to any dispute concerning such compensation.

10.    In order to be entitled to participate in the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each Class Member shall take the following actions and be subject to the following conditions:

(a)     A properly executed Proof of Claim, substantially in the form attached to the Notice, must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked or delivered no later than one hundred fifty (150) calendar days after entry of this Order. Such deadline may be further extended by Court Order. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid) provided such Proof of Claim is actually received prior to the

motion for an order of the Court approving distribution of the Net Settlement Fund.  Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice. Any Class Member who does not submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court. Notwithstanding the foregoing, Lead Counsel shall have discretion to accept late-submitted claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund is not materially delayed thereby.

(b)     The Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation as are specified in the Proof of Claim and as are reasonably available to the Authorized Claimant for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all Released Claims as provided in the Stipulation.

11.     All Class Members shall be bound by all determinations and judgments in this Action, concerning the Settlement, including but not limited to the releases provided for in the Stipulation, whether favorable or unfavorable, except those who are found by the Court to have previously timely and validly requested exclusion from the Class. The Persons and entities who request exclusion from the Class will be excluded from the Class and shall have no rights under the Stipulation, shall not be entitled to submit any Proof of Claim forms, shall not share in the distribution of the Net Settlement Fund as described in the Stipulation and in the Notice, and shall not be bound by the Stipulation or the Final Judgment entered as to Defendants in the Action.

12.     To request exclusion from the Class, a putative Class Member must send a letter, postmarked or delivered, no later than one hundred and five (105) calendar days after entry of this Order, to the Claims Administrator. For a request for exclusion to be valid, the putative Class Member's request for exclusion must include the Class Member's name, current address, and day-time and evening telephone numbers; the dates of all such Class Member's purchases and/or sales of Cnova ordinary shares during the Class Period; the number of shares purchased and/or sold on each such date; the prices paid and/or received for all such shares on each such date; and a clear and unambiguous statement that such putative Class Member wishes to be excluded from the Class. No further opportunity to request exclusion will be given in this Action. A Class Member's failure to comply with the foregoing requirements for requesting exclusion from the Class will result in such request being invalid and ineffective.  Lead Counsel shall file with the Court all requests for exclusion no later than twenty-one (21) calendar days before the Final Approval Hearing.

13.     Pending final determination of whether the Stipulation should be approved, Lead Counsel, Lead Plaintiffs, and Class Members are barred and enjoined from commencing or prosecuting any action asserting any Released Claims against any Released Parties.

14.     Any Class Member may enter an appearance in the Action, individually or, at their own expense, through counsel of their own choice, in which case such counsel must file with the Clerk of the Court and deliver to Lead Counsel and counsel for Cnova a notice of such appearance no later than one hundred and five (105) calendar days after entry of this Order. Any Class Member who does not enter a separate appearance will be represented by Lead Counsel.

15.     All papers in support of the Settlement, the Plan of Allocation, Lead Counsel's application for an award of attorneys' fees and Lead Counsel's application for reimbursement of expenses shall be filed no later than seventy-five (75) calendar days after entry of this Order.

16.     Any Class Member may appear and show cause, if he, she, or it has any, why the proposed Settlement should not be approved as fair, reasonable, and adequate, why the Plan of Allocation should not be approved as fair and equitable, why Lead Counsel's application for an award of attorneys' fees and/or why Lead Counsel's application for reimbursement of expenses should not be granted; provided, however, that no Person or entity shall be heard or entitled to contest such matters, unless that Person or entity has delivered by hand or sent by first class mail written objections and copies of all papers and briefs any such Person and entity wishes to submit in support of any such objection delivered or post-marked no later than one hundred and five (105) calendar days after entry of this Order to each of the following:

BROWER PIVEN
A Professional Corporation
David A.P. Brower
475 Park Avenue, 33rd Floor
New York, NY 10016

*Plaintiffs' Lead Counsel*

9

WHITE & CASE LLP
Glenn M. Kurtz
Douglas P. Baumstein
1221 Avenue of the Americas
New York, NY 10020

*Attorneys for Defendant Cnova N.V.*

Any Person and entity that does not make his, her, or its objection in the manner provided in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, the proposed Plan of Allocation and/or Lead Counsel's application for an award of attorneys' fees and/or reimbursement of litigation expenses, unless otherwise ordered by the Court. Lead Counsel shall file all objections received to the Settlement, the Plan of Allocation and/or Lead Counsel's application for an award of attorneys' fees and/or reimbursement of litigation expenses and any papers in response to any such objection(s) and/or in further support of the Settlement, the Plan of Allocation and/or Lead Counsel's application for an award of attorneys' fees and/or reimbursement of litigation expenses no later than twenty-one (21) calendar days before the Final Approval Hearing.

17.    All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

18.    All reasonable costs and expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiffs nor Lead Counsel shall have any obligation to repay

any amounts reasonably incurred or disbursed pursuant to the Stipulation for costs and expenses of providing notice and administration of the Settlement.

19.     This Order, the Settlement, and any of their terms, and all negotiations, discussions and proceedings in connection with this Order and the Settlement, shall not constitute evidence, or an admission by any of the Defendants or the other Released Parties, that any acts of wrongdoing have been committed and shall not be deemed to create any inference that there is any liability on the part of any of the Defendants or any other Released Parties. This Order, the Settlement, and any of their terms, and all negotiations, discussions and proceedings in connection with this Order and the Settlement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration tribunal, or other forum of any kind or character in the United States or any other country except as necessary to enforce the terms of this Order and/or the Settlement.

20.     The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Lead Plaintiffs and Defendants, if appropriate, without further notice to the Class.

Dated: _____October__11_____, 2017

_____
HONORABLE LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

# EXHIBIT A-1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE CNOVA N.V. SECURITIES LITIGATION<br><br>This Document Relates To:  All Actions | MASTER FILE<br>16 CV 444-LTS |

## NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT

**To:    All persons and entities that purchased Cnova N.V. ordinary shares from November 19, 2014 through February 23, 2016, both dates inclusive.**

### PLEASE READ THIS NOTICE CAREFULLY.

### YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT

PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE, YOU MUST TIMELY **SUBMIT A VALID PROOF OF CLAIM POSTMARKED NO LATER THAN [CLAIM DEADLINE]**, IN CONNECTION WITH THIS SETTLEMENT. A PROOF OF CLAIM ACCOMPANIES THIS NOTICE. IF YOU NEED AN ADDITIONAL PROOF OF CLAIM YOU MAY REQUEST ONE FROM THE CLAIMS ADMINISTRATOR, AS EXPLAINED BELOW.

### I. SUMMARY OF THIS NOTICE

This Notice relates to a federal securities class action brought pursuant to Sections 11 and 15 of the Securities Act of 1933 currently pending before the United States District Court for the Southern District of New York, in which Plaintiffs allege that defendants made misrepresentations and omissions regarding Cnova NV's financial condition and prospects in its public documents, including Cnova's Registration Statement and Prospectus issued in connection with Cnova's initial public offering of its ordinary shares on or about November 19, 2014. Plaintiffs further allege that the truth regarding Cnova's financial condition and prospects were partially revealed on January 28, 2015, December 18, 2015, and February 24, 2016, and that those persons and entities who purchased Cnova ordinary share between November 19, 2014 and February 23, 2016, inclusive (the "Class Period") were damaged as a result. Further discussion of the Action is set forth in Section III, below.

This Notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York ("Court"). The purpose of this Notice is to inform you of the proposed settlement of a class action lawsuit ("Action"), as set forth in the Stipulation and Agreement of Settlement dated

September 20, 2017 ("Stipulation" or "Settlement"), and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement. This Notice is not intended to be, and should not be understood as, an expression of any opinion by the Court concerning the merits of the Action. This Notice describes the rights you may have in connection with the Settlement and what steps you may take in relation to the Settlement.

The proposed Settlement creates a fund in the amount of $28,500,000 in cash before deductions of attorneys' fees, costs, and expenses. Lead Plaintiffs Michael Schwabe and Jaideep Khanna ("Lead Plaintiffs") and defendants Cnova N.V. ("Cnova"), Vitor Faga de Almeida, German Quiroga, Emmanuel Grenier, Jean-Charles Naouri, Libano Miranda Barroso, Eleazar de Carvalho Filho, Didier Leveque, Ronaldo Iabrudi dos Santos Pereira, Arnaud Strasser, Fernando Tracanella, Nicolas Woussen, Yves Desjacques, and Bernard Oppetit ("Individual Defendants"), and Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated, Credit Suisse Securities (USA) LLC, Deutsche Bank Securities Inc., BNP Paribas Securities Corp., HSBS Securities (USA) Inc., Natixis Securities Americas LLC, and SG Americas Securities, LLC ("Underwriter Defendants") (collectively, with Cnova and the Individual Defendants, and the Underwriter Defendants, the "Defendants") disagree on the potential liability of Defendants and they do not agree on the average amount of damages per share, if any, that would be recoverable if Lead Plaintiffs were to have prevailed at trial on each claim alleged. Lead Plaintiffs and Lead Counsel (as defined below) believe that the proposed Settlement is an excellent recovery and is in the best interests of the Class (as defined below) in light of the risks associated with continuing to litigate and proceeding to trial.

The Class, as certified by the Court for the purposes of settlement on **[ORDER DATE]**, consists of all persons and entities that purchased Cnova N.V. ordinary shares from November 19, 2014 through February 23, 2016, inclusive (the "Class Period"), issued pursuant and/or traceable to Cnova's Registration Statement, which incorporated the Prospectus that was filed pursuant to Rule 424(b)(4) on November 21, 2014, in connection with Cnova N.V's initial public offering on or about November 19, 2014.  Excluded from the Class are (i) Defendants; (ii) the officers and directors of Defendants; (iii) Casino Guichard Perrachon SA; (iv) the officers and directors of any excluded person or entity; (v) members of the immediate family of any excluded person; the legal representatives, agents, heirs, successors, subsidiaries, affiliates or assigns of any excluded person or entity; and (vi) any other person or entity in which any excluded person or entity has a beneficial ownership interest and had contractual control over the operations and/or management of such other person or entity during the Class Period to the extent of the excluded person or entity's beneficial ownership interest in such person or entity.

If the Settlement is approved by the Court, Court-appointed Lead Counsel for Lead Plaintiffs, Brower Piven, A Professional Corporation, 475 Park Avenue South, 33rd Floor, New York, NY 10016 ("Lead Counsel") will apply to the Court for an award of attorneys' fees not to exceed, in the aggregate, thirty-three and one third percent (33.33%) of the Settlement Fund (as defined below), plus reimbursement of Lead Counsel's reasonable out-of-pocket litigation, notice and settlement administration expenses as compensation for successfully prosecuting the Action. You may contact the claims administrator, The Garden City Group, LLC ("GCG" or "Claims Administrator"), or a representative of Lead Counsel for further information about the Settlement; see below under "Further Information" for the contact information.

**Statement of Plaintiffs' Recovery** – The proposed Settlement with Defendants creates a fund in the amount of $28,500,000 in cash, which will include interest that accrues prior to distribution ("Settlement Fund"). Based on Lead Counsel's estimate of the number of shares of stock that may have been damaged by the alleged misrepresentations, and assuming that all those shares participate in the Settlement, Lead Plaintiffs estimate that the average recovery, based on 25,157,327 ordinary shares offered to the public in connection with Cnova's initial public offering on November 19, 2014, would be approximately $1.13 per share. As described more fully in Lead Plaintiffs' papers in support of the proposed Settlement and Plan of Allocation that will be filed before the deadlines for Class Members to request exclusion from the Class or object to the proposed Settlement and/or Plan of Allocation, Lead Plaintiffs have obtained a Settlement that Lead Counsel estimates will result in a recovery, based on the statutory measures of damages permitted under Section 11 of the Securities Act of 1933 and accounting for generally accepted principles of loss causation, for participating Class Members, before attorneys' fees, costs and expenses, of: (1) approximately 100% of the estimated likely recoverable damages under Section 11 of the Securities Act of 1933 in connection with Cnova's disclosures on December 18, 2015 (when Cnova announced that it had retained legal advisors and external forensic accountants to review issues related to potential accounting irregularities at its Brazilian subsidiary), and February 24, 2016 (when Cnova announced that its prior financial statements, including those in the Registration Statement, would need adjustment and could no longer be relied upon), and (2) approximately 50% of Class Members' estimated likely recoverable damages in connection with Cnova's disclosures on January 28, 2015 (when Cnova released disappointing results for its fourth quarter of 2014), based on the assumption that those results were the partial materialization of the undisclosed risk that the financial statements in the Registration Statement and Prospectus were materially inaccurate for the purposes of loss causation (a position Defendants strenuously dispute).

Your recovery from this fund, however, will depend on a number of variables, including the number of Cnova ordinary shares you purchased during the Class Period, the timing of your purchases and any sales, the number and amount of claims actually filed, and the estimate of recoverable losses based on the analysis of Lead Plaintiffs' damages consultant. You are advised to review the Plan of Allocation set forth on pages ☐ to ☐ below in the Notice to estimate potential individual recoveries, which provides the actual formulas that will be applied to claims submitted by each eligible individual, corporation, limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and/or any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees ("Person") or entity ("Class Member(s)"). The estimates above are also before deduction of any Court-awarded attorneys' fees, out-of-pocket expenses, and the cost of sending this Notice and administering and distributing the Settlement proceeds.

**Statement of Potential Outcome of Case** – Lead Plaintiffs and Defendants disagree on the potential liability of Defendants and they do not agree on the average amount of damages per share, if any, that would be recoverable if Lead Plaintiffs were to have prevailed at trial on each claim alleged. Defendants deny that they are liable in any respect or that Lead Plaintiffs suffered any injury. The issues on which the parties disagree include: (1) whether any Defendant engaged

in any conduct in violation of, or subject to challenge under, the federal securities laws; (2) the amounts by which Cnova ordinary shares were allegedly artificially inflated (if at all) during the Class Period (as defined below); (3) the effect of various market forces influencing the trading price of Cnova ordinary shares at various times during the Class Period; (4) the extent to which the various matters that Lead Plaintiffs alleged were materially false or misleading influenced (if at all) the trading price of Cnova ordinary shares during the Class Period; (5) the extent to which the various allegedly adverse material facts that Lead Plaintiffs alleged were misrepresented or omitted influenced (if at all) the trading price of Cnova ordinary shares during the Class Period; (6) the impact, if any, of belated truthful discourse regarding Cnova; and (7) whether, even if liability could be proven, total damages would be greater than $0 and, if so, how much.

**Statement of Attorneys' Fees and Costs Sought** – Lead Counsel have committed a substantial amount of time prosecuting claims against Defendants on behalf of Lead Plaintiffs and the Class. In addition, they have not been reimbursed for out-of-pocket expenses. If the Settlement is approved by the Court, Lead Counsel shall apply to the Court for an award of a reasonable percentage of the Settlement Fund not to exceed, in the aggregate, thirty-three and one third percent (33 1/3 %) as attorneys' fees, and up to $300,000 for reimbursement of Lead Counsel's reasonable out-of-pocket litigation expenses. If the amounts described above are requested and approved by the Court, the average cost will be approximately $0.39 per share. In addition, Lead Counsel may apply to the Court, from time to time, for their fees and expenses, including hourly time billing incurred solely for administration of the Settlement.

**Reasons for Settlement** – Lead Plaintiffs believe that the proposed Settlement with Defendants is an excellent recovery and is in the best interests of the Class. Because of the risks associated with continuing to litigate and proceeding to trial, there was a danger that the Class would not have prevailed on their claims against Defendants, in which case the Class would receive nothing from Defendants. Even if Lead Plaintiffs prevail on liability, the amount of damages recoverable by Class Members was and is challenged by Defendants. Recoverable damages in this case are limited to losses caused by conduct actionable under applicable law and, had the Action gone to trial, Defendants would have asserted that all or most of the losses of Class Members were caused by non-actionable conduct or market, industry, or general economic factors. Defendants would also assert, among other things, that their conduct complied with all applicable legal standards and they are liable for any violations of the federal securities laws.

**Further Information** – You may contact a representative of the Claims Administrator for further information about the Settlement by calling the following toll-free number: 1-866-613-0970. You also may email the Claims Administrator at the following email address: www.Cnova@choosegcg.com. Any written inquiries about the Action should be addressed to the Claims Administrator at:

Cnova Securities Class Action
Claims Administrator
c/o GCG
PO Box 10493
Dublin, OH 43017-4093

All Parties to this Action will file their papers in support of the proposed Settlement, the proposed Plan of Allocation and Lead Plaintiffs' application for an award of attorneys' fees and reimbursement of litigation expenses on or before [       ], 201[ ]. You may review copies of those papers on or after [       ], 201[ ], by inspecting them either in the Office of the Clerk of the Court for the Southern District of New York at the Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street, New York, NY 10007, or at www.choosegcg.com, or by requesting, in writing, copies from the Claims Administrator listed above, by writing to Cnova Securities Class Action, Claims Administrator, c/o GCG, PO Box 10493, Dublin, OH 43017-4093.

## II. NOTICE OF HEARING ON PROPOSED SETTLEMENT

A settlement hearing will be held on March 15, 2018, at 2:00 p.m. (Eastern Time), before the Honorable Laura Taylor Swain, United States District Judge, at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007 ("Settlement Hearing"). The purpose of the Settlement Hearing will be: (1) to determine whether the Court should grant final certification to the Class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure; (2) to determine whether the Settlement consisting of $28,500,000 in cash should be approved as fair, reasonable, and adequate to the Class and the proposed Final Judgment (as defined on page [ ]) entered; (3) to determine whether the proposed Plan of Allocation for the proceeds of the settlement is fair and reasonable, and should be approved by the Court; (4) to determine whether any applications for attorneys' fees or expenses to Lead Counsel should be approved; and (5) to rule upon such other matters as the Court may deem appropriate. The Court may adjourn or continue the Settlement Hearing without further notice to the Class.

## III. THE LITIGATION

Currently pending before the United States District Court for the Southern District of New York is a consolidated action purportedly on behalf of all persons who purchased the ordinary shares of Cnova pursuant and/or traceable to Cnova's Registration Statement, which incorporated the Prospectus that was filed pursuant to Rule 424(b)(4) on November 21, 2014, issued in connection with Cnova's initial public offering on or about November 19, 2014, at an offering price of $7.00 per ordinary share (the "Offering Price") and which were subsequently listed on the NASDAQ Global Select Market under the symbol "CNV," and who were damaged thereby. The defendants named in the Action are Cnova, the Individual Defendants, and the Underwriter Defendants.

On January 20, 2016, plaintiff William J. Stevenson filed a complaint in the United States District Court for the Southern District of New York captioned *Stevenson v. Cnova N.V.*, *et al.*, Civil Action No. 1:16-cv-00444-LTS-AJP ("*Stevenson* Action"). By Court Order dated April 15, 2016, the *Stevenson* Action was consolidated with two other actions: *Dumon v. Cnova N.V, et al.*, Civil Action No. 1:16-cv-00498-LTS-AJP; and *Lee v. Cnova N.V, et al.*, Civil Action No. 1:16-cv-01199-LTS-AJP. By the same Order, Michael Schwabe and Jaideep Khanna were appointed as Lead Plaintiffs. The Order also provided that Brower Piven, A Professional Corporation was appointed Lead Counsel.

On June 13, 2016, Lead Plaintiffs filed their Amended Class Action asserting violations of Sections 11 and 15 of the Securities Act of 1933 arising out of Defendants' alleged false and misleading statements in its Registration Statement, which incorporated the Prospectus filed on November 21, 2014, that was issued in connection with the Company's initial public offering on or about November 19, 2014. Thereafter, Lead Plaintiffs' counsel conducted an extensive examination of public sources of information, including thousands of pages of Cnova public filings, analyst reports, and news reports, and consulted with experts to begin preparing the case for trial. On August 16, 2016, Lead Plaintiffs filed the Amended and Supplemental Consolidated Class Action Complaint ("Complaint"), which incorporated information contained in the Annual Report for fiscal year ended December 31, 2015 filed on SEC Form 20-F or disclosed after the filing of the amended complaint. Following the filing of the latter Complaint, the parties agreed to attempt to settle the Action through mediation.

On November 2, 2016, the parties participated in a mediation session with the Honorable United States District Judge (Ret.), Layn R. Phillips, but did not reach a resolution. The parties had a number of telephone calls over the course of the next several months concerning possible settlement. On February 1, 2017, the parties met for a second mediation session before Judge Phillips at which time the parties made further efforts to resolve the litigation. Following the second mediation session, the parties continued to negotiate the terms of the settlement and on May 22, 2017, the parties reached a Memorandum of Understanding to settle the Action.

Both before and after the mediation sessions, Plaintiffs' Lead Counsel thoroughly reviewed thousands of pages of publicly available documents, including, among other things, U.S. Securities & Exchange Commission and other regulatory filings, media reports, and analyst reports. Plaintiffs' Lead Counsel also consulted several expert consultants in the United States, Brazil, France and the United Kingdom regarding various issues in the Action, including very extensive consultations with their economic, financial and damages experts.

Plaintiffs' Lead Counsel conducted an extensive factual investigation and discovery. Plaintiffs' Lead Counsel reviewed almost one million pages of documents, including approximately 175,000 documents Defendants produced to Lead Plaintiffs that were largely in Portuguese as well as documents in French and English, that included confidential internal emails by and between Defendants and their agents, presentations and selected work papers prepared by and for Cnova in connection with the investigations conducted by Cnova's directors, outside counsel, outside auditors, and outside forensic accountants concerning events and accounting at Cnova's Brazilian subsidiary prior and subsequent to Cnova's initial public offering of its ordinary shares and the ultimate restatement of its financial statements and results for fiscal years 2014 and 2015. In addition, Lead Plaintiffs interviewed Cnova's outside counsel and the forensic auditor that lead the Cnova investigation of its accounting irregularities to discuss the forensic analysis that was completed during the course of Cnova's internal investigation.

Subsequently, counsel for Lead Plaintiffs and Defendants continued negotiations resulting in the terms and conditions set forth in the Stipulation.

## IV. CLAIMS OF THE CLASS AND BENEFITS OF SETTLEMENT

Lead Plaintiffs believe that the claims asserted in the Action against Defendants have merit and that the evidence developed to date supports those claims. However, Lead Plaintiffs and their counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against Defendants through trial and through appeals. Lead Plaintiffs and their counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Action, as well as the difficulties and delays inherent in such litigation. Lead Plaintiffs and their counsel also are mindful of the inherent problems of proof under and possible defenses to the securities law violations asserted in the Action. Lead Plaintiffs and their counsel believe that the settlement set forth in the Stipulation confers substantial benefits upon the Class. Based on their evaluation, Lead Plaintiffs and their counsel have determined that the settlement set forth in the Stipulation is in the best interests of Lead Plaintiffs and the Class.

## V. DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny each and all of the claims alleged in the Action. Defendants, however, recognize the uncertainty and the risk inherent in any litigation, especially complex securities litigation, and the difficulties and substantial burdens, expense, and length of time that may be necessary to defend the Action through the conclusion of discovery, summary judgment motions, trial, post-trial motions, and appeals. Defendants have therefore determined to settle the Action on the terms and conditions set forth in the Stipulation and to put the Released Claims (as defined on page ☐) to rest finally and forever, without in any way acknowledging any wrongdoing, fault, liability, or damages to Lead Plaintiffs and the Class.

## VI. TERMS OF THE PROPOSED SETTLEMENT

Cnova has paid, or caused to be paid, cash in the amount of $28,500,000 into an escrow account, which will earn interest for the benefit of the Class, pursuant to the terms of the Stipulation, until distributed to eligible claiming Class Members. In exchange for such payment, the Releasing Parties fully, finally and forever release, relinquish and discharge the Released Claims against the Released Parties (as defined on page ☐). The Released Parties fully, finally and forever release, relinquish and discharge the Released Defendants' Claims (as defined on page ☐) against Lead Plaintiffs and/or Lead Counsel (as defined on page ☐). A portion of the Settlement Fund will be used for certain administrative expenses, including the costs of printing and mailing this Notice, the cost of publishing newspaper notices, payment of any taxes assessed against the Settlement Fund and costs associated with the processing of claims submitted. In addition, as explained herein, a portion of the Settlement Fund may be awarded by the Court to Lead Counsel for attorneys' fees and expenses. The Settlement Fund less (i) any Court-awarded attorneys' fees, costs, and expenses; (ii) notice and administration costs; (iii) taxes and tax expenses; and (iv) other Court-approved deductions that occur before distribution of the proceeds of the settlement to the Class ("Net Settlement Fund"), will be distributed to any Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation ("Authorized Claimant") according to the Plan of Allocation described below.

## VII. REQUESTING EXCLUSION FROM THE CLASS

If you do not wish to be included in the Class and you do not wish to participate in the proposed settlement described in this Notice you may request to be excluded. To do so, you must send a letter, postmarked no later than [**OPT OUT DEADLINE**]. In this letter, you must set forth: (a) your name, current address, and day-time and evening telephone numbers; (b) the dates of all your purchases and/or sales of Cnova ordinary shares during the Class Period; (c) the number of shares purchased and/or sold on each such date; (d) the prices paid and/or received for all such shares on each such date; and (e) a clear and unambiguous statement that you wish to be excluded from the Class. The request for exclusion should be addressed as follows:

Cnova Securities Class Action
Claims Administrator
Attn: Exclusions Department
c/o GCG
PO Box 10493
Dublin, OH 43017-4093

NO REQUEST FOR EXCLUSION WILL BE CONSIDERED VALID UNLESS ALL OF THE INFORMATION DESCRIBED ABOVE IS INCLUDED IN ANY SUCH REQUEST. NO FURTHER OPPORTUNITY TO REQUEST EXCLUSION WILL BE GIVEN IN THIS ACTION.

If you validly request exclusion from the Class: (a) you will be excluded from the Class; (b) you shall have no rights under the Stipulation; (c) you shall not be entitled to submit any Proof of Claim forms; (d) you will not share in the proceeds of the Settlement described herein; (e) you will not be bound by any judgment entered in the Action; and (f) you will not be precluded, by reason of your decision to request exclusion from the Class, from otherwise prosecuting an individual claim, if timely, against the Defendants based on the matters complained of in the Action.

If you choose to be excluded from the Class, you will retain any right you have to individually pursue any legal rights that you may have against any Defendants with respect to the claims asserted in the Action. Please note that if you decide to exclude yourself from the Class, you may be time-barred from asserting the claims covered by the Action by the applicable statute of repose. If you wish to opt-out to pursue a separate recovery against Defendants, before seeking to opt-out, you are urged to consult counsel at your own expense to determine whether any such separate action can still be timely pursued on your behalf.

## VIII. THE RIGHTS OF CLASS MEMBERS

If you are a Class Member, you have the following options:

1. You may file a Proof of Claim. If you submit a Proof of Claim, you will share in the proceeds of the proposed Settlement if your claim is valid and if the proposed settlement

is finally approved by the Court. In addition, you will be bound by the Final Judgment and release described below.

2.  If you have not timely and validly requested exclusion from the Class, you may object to the Settlement (see Section XIV below). However, if your objection is rejected, you will be bound by the Settlement and the Final Judgment just as if you had not objected.

3.  You may do nothing at all. If you choose this option, you will not share in the proceeds of the Settlement, but you will be bound by any judgment entered by the Court in connection with the Settlement, and you shall be deemed to have, and by operation of the Final Judgment shall have, fully released all of the Released Claims against the Released Parties.

4.  If you are a Class Member, you may, but are not required to, enter an appearance through counsel of your own choosing at your own expense. If you do not do so, you will be represented by Lead Counsel, who are:

David A.P. Brower
Daniel Kuznicki
**BROWER PIVEN**
**A Professional Corporation**
475 Park Avenue, 33rd Floor
New York, NY 10016

*Plaintiffs' Lead Counsel*

You will not be charged personally for the services of Lead Counsel.

## IX. PLAN OF ALLOCATION

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to those Class Members who suffered economic losses as a proximate result of the alleged wrongdoing. The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formulas (the "Recognized Loss") described below. The Recognized Loss calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the Recognized Loss calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making pro rata allocations of the Net Settlement Fund.

In developing the Plan of Allocation, Lead Plaintiffs consulted with their financial and damages experts who had reviewed publicly available information regarding Cnova and performed statistical analyses of the price movements of Cnova ordinary shares and the price

performance of relevant market and peer indices during the Class Period. The damages experts isolated the losses in Cnova ordinary shares that were caused by the alleged violations of the federal securities laws, eliminating losses attributable to market factors, industry factors, or Company-specific factors unrelated to the alleged violations of law. Lead Counsel further refined these calculations to account for the strength of the claims asserted in the Action. The Plan of Allocation, however, is not a formal damage analysis.

The calculation of Recognized Loss depends upon several factors, including: when the Cnova ordinary shares were purchased during the Class Period and for what price; whether those shares were sold, and if sold, for what price; the price of the shares in the IPO; and the price of the shares when the first complaint was filed in this Action.[1]

Section 11 provides for an affirmative defense of negative causation which prevents recovery for losses that Defendants prove are not attributable to misrepresentations and/or omissions alleged by Lead Plaintiffs in the Registration Statement. The Recognized Loss calculation assumes that the declines in the price of Cnova ordinary shares in response to corrective disclosures alleged by Lead Plaintiffs are the only compensable losses. Lead Counsel, in consultation with their damages experts, has determined that such disclosures occurred on: the following dates: after market close on January 28, 2015; after market close December 18, 2015; and February 23, 2016 (the "Corrective Disclosures"), and caused the following declines in the price of Cnova ordinary shares, net of market and industry effects:

| Corrective Disclosure Impact Date | Company-Specific Share Price Decline |
|---|---|
| January 29, 2015 | $0.55 |
| January 30, 2015 | $0.36 |
| December 21, 2015 | $0.53 |
| December 22, 2015 | $0.15 |
| February 24, 2016 | $0.18 |

Accordingly, if a Cnova share was sold before January 29, 2015 (the earliest stock price decline in response to an alleged Corrective Disclosure), the Recognized Loss for that share is $0.00, and any loss suffered is not compensable under the federal securities laws. Likewise, if a Cnova share was both purchased and sold between two consecutive Corrective Disclosure dates, the Recognized Loss for that share is $0.00.

Additionally, Lead Counsel has concluded that, in weighing the strengths and weaknesses of the claims of Class Members against the Defendants during the Class Period, claims for Cnova ordinary shares purchased during the Class Period and held on January 29 & 30, 2015, involved difficulties of proof and potential negative causation defenses that justify an adjustment under this Plan of Allocation of the per share Recognized Losses resulting from the disclosures on those dates of 50%. This adjustment is reflected in the Company-specific share price declines in the table above, which form the basis of the Recognized Loss formulas below.

---

[1] January 20, 2016 is the date of the earliest complaint filed in this action that states a claim under Section 11. The price of Cnova stock on January 20, 2016 was $2.28.

Cnova shares tendered in the offer by Casino Guichard Perrachon SA to purchase all outstanding publicly traded ordinary shares of Cnova shall be considered a sale of such Cnova ordinary shares stock at $5.50 per share on March 2, 2017 (the completion date of the tender offer), and, therefore, for Cnova ordinary shares purchased during the Class Period and held on March 2, 2017, the tender offer will be treated as a sale on March 2, 2017 at $5.50 per share.

### Substantiation of Claims

With respect to Cnova ordinary shares, a Recognized Loss will be calculated as set forth below for each purchase or acquisition of Cnova ordinary shares that is listed in the accompanying Claim Form and for which adequate documentation is provided. Lead Counsel or the Claims Administrator my request additional documentation to support a claim.  The failure to provide the requested information or otherwise satisfy Lead Plaintiffs and the Claims Administrator regarding the *bone fides* of a claim will result in the rejection, in whole or in part, of any such claim. Lead Counsel shall also have the right to reject, in whole or part, any claim submitted by any person or entity that does not meet the Class definition or is an excluded person or entity. Lead Counsel shall further have the right to request sufficient documentation from any Claimant to determine whether such Claimant is a Class Member or an excluded person or entity, and to determine the size of any such Claimant's interest in the Net Settlement Fund..  If any Claimant fails to provide the requested information or other evidence of its Class membership and/or the size of his, her or its interest in the Net Settlement Fund  satisfactory to Lead Counsel, the claim of the subject entity will be rejected.

Any person or entity whose claim is rejected shall be given the opportunity to appeal the rejection of his, her or its claim to the Court at a time and pursuant to procedures that will be determined by the Court following the processing of claims.

### Calculation of Recognized Losses

In the calculation of Recognized Losses, all purchases and sales shall exclude any fees, taxes and commissions incurred in connection with such purchases and sales.  Any transactions in Cnova ordinary shares executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

Purchases or acquisitions and sales of Cnova ordinary shares shall be deemed to have occurred on the "trade" date as opposed to the "settlement" date. The receipt or grant by gift, inheritance or operation of law of Cnova ordinary shares during the Class Period shall not be deemed a purchase, acquisition or sale of these Cnova ordinary shares for the calculation of a Claimant's Recognized  Loss, , nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such Cnova ordinary shares unless (i) the donor or decedent purchased or otherwise acquired such Cnova ordinary shares during the Class Period; (ii) the instrument of gift or assignment specifically provides  that it is intended to transfer such rights; and (iii) no Claim Form was submitted by or on behalf of the donor, on  behalf of the decedent, or by anyone else with respect to such Cnova ordinary shares.

## Recognized Loss Formulas

For each Cnova ordinary share purchased or otherwise acquired by a Class Member during the Class Period the Recognized Loss per share shall be calculated as follows:

I.   For each Cnova ordinary share purchased during the period November 19, 2014 through January 28, 2015, inclusive, including those shares purchased directly from an underwriter or its agent in the Offering,

    a.   that was sold prior to January 29, 2015, the Recognized Loss per share is $0.

    b.   that was sold on January 29, 2015, the Recognized Loss per shares is *the lesser of*

        i.   $0.55; or

        ii.   the purchase price (not to exceed the $7.00 Offering Price) *minus* the sale price.

    c.   that was sold during the period January 30, 2015 through December 18, 2015, inclusive, the Recognized Loss per share is *the lesser of*

        i.   $0.91; or

        ii.   the purchase price (not to exceed the $7.00 Offering Price) *minus* the sale price.

    d.   that was sold on December 21, 2015, the Recognized Loss per share is *the lesser of*

        i.   $1.44; or

        ii.   the purchase price (not to exceed the $7.00 Offering Price) *minus* the sale price.

    e.   that was sold during the period December 22, 2015 through January 19, 2016, inclusive, the Recognized Loss per share is *the lesser of*

        i.   $1.59; or

        ii.   the purchase price (not to exceed the $7.00 Offering Price) *minus* the sale price.

    f.   that was sold during the period January 20, 2016 through February 23, 2016, inclusive, the Recognized Loss per share is *the lesser of*

        i.   $1.59; or

      ii.    the purchase price (not to exceed the $7.00 Offering Price) *minus* the higher of the sale price or $2.28 (*i.e.*, the price of Cnova ordinary shares on January 20, 2016, when the first complaint was filed in this Action).

  g.  that was sold on or after February 24, 2016, inclusive, the Recognized Loss per share is *the lesser of*

      i.    $1.77; or

      ii.    the purchase price (not to exceed the $7.00 offer price) *minus* the higher of the sale price or $2.28 (*i.e.*, the price of Cnova ordinary shares on January 20, 2016, when the first complaint was filed in this Action).

II.  For each Cnova ordinary share purchased by a Class Member during the period January 29, 2015 through December 18, 2015, inclusive,

  a.  that was sold prior to December 21, 2015, the Recognized Loss per share is $0.

  b.  that was sold on December 21, 2015, the Recognized Loss per share is *the lesser of*

      i.    $0.53; or

      ii.    the purchase price (not to exceed the $7.00 Offering Price) *minus* the sale price.

  c.  that was sold during the period December 22, 2015 through January 19, 2016, inclusive, the Recognized Loss per share is *the lesser of*

      i.    $0.68; or

      ii.    the purchase price (not to exceed the $7.00 Offering Price) *minus* the sale price.

  d.  that was sold during the period January 20, 2016 through February 23, 2016, inclusive, the Recognized Loss per share is *the lesser of*

      i.    $0.68; or

      ii.    the purchase price (not to exceed the $7.00 Offering Price) *minus* the higher of the sale price or $2.28 (*i.e.*, the price of Cnova ordinary shares on January 20, 2016, when the first complaint was filed in this Action).

e. that was sold on or after February 24, 2016, the Recognized Loss is *the lesser of*

     i. $0.86; or

     ii. the purchase price (not to exceed the $7.00 offer price) *minus* the higher of the sale price or $2.28 (*i.e.*, the price of Cnova ordinary shares on January 20, 2016, when the first complaint was filed in this Action).

III. For each Cnova ordinary share purchased by a Class Member during the period December 21, 2015 through February 23, 2016, inclusive, and

a. that was sold prior to February 24, 2016, the Recognized Loss per share is $0.

b. that was sold on or after February 24, 2016, the Recognized Loss per share is *the lesser of*

     i. $0.18; or

     ii. the purchase price (not to exceed the $7.00 Offering Price) *minus* the higher of the sale price or $2.28 (*i.e.*, the price of Cnova ordinary shares on January 20, 2016, when the first complaint was filed in this Action).

**An Authorized Claimants total Recognized Loss is the sum total of his, her or its per share Recognized Loss for each Cnova ordinary share purchased during the Class Period.**

For purposes of determining whether a Claimant has a Recognized Loss, purchases, acquisitions, and sales of like ordinary shares will first be matched on a First In/First Out basis To the extent that a calculation of a per share Recognized Loss results in zero or a negative number, that number shall be set to zero.

If the sum total of Recognized Losses of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Loss divided by the total of Recognized Losses of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

If the Net Settlement Fund exceeds the sum total amount of the Recognized Losses of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $5.00 or greater. If the prorated payment to any Authorized Claimant calculates to less than $5.00, it will not be included in the calculation (*i.e.*, the Recognized Loss

will be deemed to be zero) and no distribution will be made to that Authorized Claimant. Any prorated amounts of less than $5.00 will be included in the pool distributed to those whose prorated payments are $5.00 or greater.

Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiffs, Lead Counsel, Lead Plaintiffs' damages experts, Defendants, Defendants' Counsel, or any of the other Released Parties, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Lead Plaintiffs, Defendants and their respective counsel, and all other Released Parties, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the plan of allocation; the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator; the payment or withholding of taxes; or any losses incurred in connection therewith.

The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Lead Plaintiffs after consultation with their damages experts. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website.

## X. PARTICIPATION IN THE SETTLEMENT

TO PARTICIPATE IN THE DISTRIBUTION OF THE NET SETTLEMENT FUND, YOU MUST TIMELY COMPLETE AND RETURN A VALID PROOF OF CLAIM IN CONNECTION WITH THIS SETTLEMENT.

**A Proof of Claim is being sent with this Notice. If you are a Class Member and need an additional Proof of Claim, copies may be obtained by telephoning the Claims Administrator, The Garden City Group, LLC, toll-free at 1-866-613-0970 or by downloading the form on the internet at www.choosegcg.com.**

The Proof of Claim, with all supporting documents (DO NOT SEND ORIGINALS), must be postmarked no later than **[CLAIM DEADLINE]**, and delivered to the Claims Administrator at the address below. DO NOT SEND a Proof of Claim to counsel for the Parties or the Court.

Cnova Securities Class Action
Claims Administrator
c/o GCG
PO Box 10493
Dublin, OH 43017-4093

Unless the Court orders otherwise, if you do not timely submit a valid Proof of Claim, you will be barred from receiving any payment from the Net Settlement Fund, but will in all other respects be bound by the provisions of the Stipulation and the Final Judgment. The Court may disallow or adjust the claim of any Class Member. Each claimant will be deemed to have submitted to the jurisdiction of the United States District Court for the Southern District of New York with respect to his, her, or its Proof of Claim.

## XI. DISMISSAL AND RELEASES

If the proposed settlement is approved, the Court will enter a Final Judgment and Order of Dismissal ("Final Judgment"). Under the Final Judgment, the Releasing Parties fully, finally and forever release, relinquish and discharge the Released Claims against the Released Parties. The Released Parties fully, finally and forever release, relinquish and discharge the Released Defendants' Claims against Lead Plaintiffs and/or their attorneys.

"Released Claims" means any and all claims, debts, actions, causes of action, suits, dues, sums of money, accounts, liabilities, reckonings, bonds, bills, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, awards, extents, executions, and demands whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including without limitation the federal securities laws, whether fixed or contingent, whether accrued or un-accrued, whether asserted or unasserted, whether liquidated or un-liquidated, whether at law or in equity, whether matured or unmatured, whether direct, indirect or consequential, whether class or individual in nature, whether suspected or unsuspected, and whether known claims or Unknown Claims (as defined below), which the Lead Plaintiffs and the Class Members on behalf of themselves, their heirs, executors, representatives, administrators, predecessors, successors, assigns, officers and directors, any and all other persons they represent and any other person or entity claiming (now or in the future) through or on behalf of them, in their individual capacities and in their capacities as purchasers of Cnova ordinary shares, ever had, now has or hereafter can, shall or may have, from the beginning of time through and including the present, whether in their own right or by assignment, transfer or grant from any other person, thing or entity that (i) have been asserted in this Action by the Lead Plaintiffs and Class Members, or any of them, against any of the Released Parties, or (ii) could have been asserted in any forum by the Lead Plaintiffs or Class Members, or any of them, against any of the Released Parties which arise out of, are based upon or relate to, directly or indirectly, the allegations, transactions, facts, statements, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint or relate to the purchase acquisition, transfer, holding, ownership, disposition, or sale of Cnova ordinary shares during the Class Period, including (but not limited to) the purchase or acquisition of Cnova ordinary shares pursuant and/or traceable to the Registration Statement and Prospectus issued in connection with Cnova's November 19, 2014 initial public offering.  Released Claims does not include claims relating to the enforcement of the Settlement or the terms of the Stipulation.

"Released Defendants' Claims" means any and all claims, rights, causes of action or liabilities, of every nature and description whatsoever, whether based in law or equity, on federal, state, local, statutory or common law or any other law, rule or regulation (including any

claims for violations of Fed. R. Civ. P. 11), including both known claims and Unknown Claims, that have been or could have been asserted in this Action or any forum by the Released Parties, or any of them, or the successors and assigns of any of them against Lead Plaintiffs or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action. Released Defendants' Claims does not include claims relating to the enforcement of the Settlement or the terms of the Stipulation.

"Released Parties" means the Defendants and their respective present and former direct and indirect parents, subsidiaries, divisions, and affiliates, and any of their present and former officers, directors, members, general partners, limited partners, employees, agents, representatives, attorneys, advisors, associates, associations, fiduciaries, sureties, insurers and reinsurers, shareholders, auditors and accountants, predecessors, heirs, consultants, successors and assigns of each of them, and any other person or entity in which any of the foregoing has or had a controlling interest or which is or was related to or affiliated with any of the foregoing, and anyone acting in concert with any of them.

"Releasing Parties" means Lead Plaintiffs and each of the Class Members on behalf of themselves, their heirs, executors, representatives, administrators, predecessors, successors, assigns, officers and directors.

"Unknown Claims" means any and all Released Claims which any Releasing Party does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that the Lead Plaintiff expressly waives, and each Class Member shall be deemed to have waived, and by operation of the Final Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Lead Plaintiffs, as Class representatives, acknowledge that members of the Class may discover facts in addition to or different than those that they now know or believe to be true with respect to the subject matter of the release herein, but that it is their intention, on behalf of the Class, to fully, finally, and forever settle and release any and all claims released hereby, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts. Lead Plaintiffs also acknowledge, and Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a key element of the Settlement Agreement.

## XII. APPLICATION FOR ATTORNEYS' FEES AND EXPENSES

At the Settlement Hearing, Lead Counsel will request an award of a reasonable percentage of the Settlement Fund not to exceed, in the aggregate, thirty-three and one third percent (33 1/3%) of the Settlement Fund as attorneys' fees, plus reimbursement of Lead Counsel's reasonable out-of-pocket litigation and Notice and settlement administration expenses. Lead Counsel's fee application will be filed with the Court on [**CLAIMS FILING DATE**]. All such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees, costs, or expenses.

Lead Counsel have committed a substantial amount of time prosecuting claims on behalf of Lead Plaintiffs and the Class. In addition, they have not been reimbursed for any of their costs and expenses. The amounts requested by Lead Counsel will compensate counsel for their efforts in achieving the Settlement for the benefit of the Class, and for their risk in undertaking this representation on a wholly contingent basis. The amount to be requested is within the range of fees awarded to plaintiffs' counsel under similar circumstances in other litigations of this type. Lead Counsel may thereafter from time to time apply to the Court, without further notice to the Class, for an additional award of attorneys' fees and costs incurred in connection with administering the Settlement, provided, in the aggregate, all fees awarded to Lead Counsel will not exceed thirty-three and one third percent (33 1/3%) of the Settlement Fund. All such awards shall be subject to the approval of the Court.

In addition to Lead Counsel's fees and litigation expenses, expenses will be incurred in connection with providing notice to the Class, processing Proofs of Claims, and distributing the Net Settlement Fund, and those amounts approved by the Court will be deducted from the Settlement Fund.  The Claims Administrator estimates that the cost of administration of this Settlement will be approximately $400,000.  That amount is a good faith estimate and may be higher or lower depending on numerous factors, including, but not limited to the number of claims submitted and the efforts necessary to cure deficient claims and/or obtain necessary documentation from claiming Class Members to calculate their claims. The Claims Administrator may apply, from time to time, without further notice to the Class for payment of its fees and expenses incurred in providing notice to the Class, administering the Settlement and distributing the proceeds of the Settlement and any such applications will require the approval of Lead Counsel and the Court.

## XIII. CONDITIONS FOR SETTLEMENT

The Settlement is conditioned upon the occurrence of certain events described in the Stipulation. Those events include, among other things: (1) entry of the preliminary approval order; (2) that the Stipulation not be terminated pursuant to its terms; (3) entry of the Final Judgment by the Court, as provided for in the Stipulation; and (4) expiration of the time to appeal from or alter or amend the Final Judgment. If, for any reason, any one of the conditions described in the Stipulation is not met or the Stipulation otherwise does not become effective or, under certain specified conditions, the Stipulation is terminated and, thereby, becomes null and void, the parties to the Stipulation will be restored to their respective positions as of the date the Stipulation was executed.

## XIV. THE RIGHT TO OBJECT AND BE HEARD AT THE HEARING

Any Class Member who has not excluded himself, herself, or itself from the Class can object to the Settlement, or any part of it, and/or the application by Lead Counsel for attorneys' fees and expenses. To object, any such Person and entity must submit a written objection and copies of any papers and briefs so they are received on or before [**OBJECTION DEADLINE**], by each of the following:

<table>
<tr><td>Brower Piven</td><td>White & Case LLP</td></tr>
<tr><td>A Professional Corporation</td><td>Glenn M. Kurtz</td></tr>
<tr><td>David A.P. Brower</td><td>Douglas P. Baumstein</td></tr>
<tr><td>Daniel Kuznicki</td><td>1221 Avenue of the Americas</td></tr>
<tr><td>475 Park Avenue South</td><td>New York, NY 10020</td></tr>
<tr><td>33rd Floor</td><td></td></tr>
<tr><td>New York, NY 10016</td><td><em>Attorneys for Cnova N.V.</em></td></tr>
</table>

*Plaintiffs' Lead Counsel*

Any written objection must demonstrate the objecting Person's or entity's membership in the Class, including the dates of all such Class Member's purchases and/or sales of Cnova ordinary shares during the Class Period, the number of shares purchased and/or sold on each such date, and the prices paid and/or received for all such shares on each such date. Only Class Members who have submitted written objections in this manner will be entitled to be heard at the Settlement Hearing, unless the Court orders otherwise. Persons and entities that intend to object to the Settlement and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the Settlement Hearing.

If you wish to attend the Settlement Hearing in person and speak to the Court, you must ask the Court for permission. To do so, you must submit a written statement noting your intention to appear at the Settlement Hearing to the persons noted above so that it is received on or before [**OBJECTION DATE**].

## XV. SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased Cnova ordinary shares (NMS: CNV) between November 19, 2014 and February 23, 2016, both dates inclusive, for the beneficial interest of a person or entity other than yourself, **THE COURT HAS DIRECTED THAT WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THIS NOTICE FROM THE CLAIMS ADMINISTRATOR, ALL SECURITIES BROKERS AND OTHER NOMINEES** either (a) provide to The Garden City Group, LLC ("GCG"), the Claims Administrator identified below, the name and last known address of each person or entity for whom or which you purchased Cnova ordinary shares during such time period or (b) request additional copies of this Notice, which will be provided to you free of charge, and within seven calendar (7) days after receipt of such additional copies of this Notice from the Claims Administrator, mail the Notice directly to the beneficial owners of those

Cnova ordinary shares. If you select option (a) above, the Claims Administrator will cause copies of this Notice to be forwarded to the beneficial owners of securities referred to herein. If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed. All communications concerning the foregoing should be addressed to the Claims Administrator:

Cnova Securities Class Action
Claims Administrator
c/o GCG
PO Box 10493
Dublin, OH 43017-4093

You are entitled to reimbursement for your reasonable and necessary expenses actually incurred in complying with the foregoing, including reimbursement of reasonable postage expenses and the reasonable costs of obtaining the names and addresses of beneficial owners. Those reasonable expenses and costs will be paid upon request and submission of appropriate supporting documentation. All requests for reimbursement should be sent to the Claims Administrator.

## XVI. EXAMINATION OF PAPERS

This Notice is a summary and does not describe all of the details of the Stipulation. For full details of the matters discussed in this Notice, you may review the Stipulation filed with the Court, which may be inspected during business hours, at the office of the Clerk of the Court, Southern District of New York, Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street, New York, NY 10007 or at www.choosegcg.com.

If you have any questions about the Settlement, you may contact a representative of The Garden City Group, LLC, the Claims Administrator, by calling the following toll-free number: 1-866-613-0970. You also may email the Claims Administrator at the following email address: delivered or post-marked no later than seventy-five (75) calendar days after the entry of the Preliminary Approval Order to Claims@choosegcg.com. Any written inquiries about the Action should be addressed to the Claims Administrator at:

Cnova Securities Class Action
Claims Administrator
c/o GCG
PO Box 10493
Dublin, OH 43017-4093

***PLEASE DO NOT CONTACT THE COURT OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.***

Dated: _____, 2017     BY THE ORDER OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

EXHIBIT A-2

Must be Postmarked No
Later Than
_____, 2017

**CNOVA N.V. Securities Class Action**
Claims Administrator
c/o GCG
PO Box 10493
Dublin, OH 43017-

C
CLAIMANT IDENTIFICATION:

Claim Number:

Control Number:

# PROOF OF CLAIM AND RELEASE

### *THIS PROOF OF CLAIM MUST BE MAILED TO THE ADDRESS ABOVE*
### *AND POSTMARKED NO LATER THAN _____, 2017.*

*Please print clearly in black ink.*

To recover as a member of the Class based on your claims in the action entitled *In re Cnova N.V. Securities Litigation*, 1:16-cv-00444-LTS-AJP ("Action"), in the United States District Court for the Southern District of New York, you must complete and, under Section E below, sign this Proof of Claim and Release form ("Proof of Claim"). If you fail to submit a timely, properly completed and addressed Proof of Claim, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund. All defined terms contained herein shall have the same meaning as set forth in the Stipulation and Agreement of Settlement dated as of September 20, 2017 (the "Stipulation").

**TABLE OF CONTENTS**                                                                                      PAGE#

SECTION A - CLAIMANT INFORMATION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . .. . .. . . . . .2

SECTION B - SCHEDULE OF TRANSACTIONS IN ORDINARY SHARES . . . . . . . . . . .. . .. . .. . . . .3

SECTION C - SUPPORTING DOCUMENTATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . .. . .. . . .4

SECTION D - RELEASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . .. . .. . .. . . .4

SECTION E - CERTIFICATION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . .. . .. . . . . .5

**Questions? Call 1-866-613-0970 or visit www.choosegcg.com**

## SECTION A - CLAIMANT INFORMATION

LAST NAME (CLAIMANT)                                    FIRST NAME (CLAIMANT)

Last Name (Beneficial Owner if Different From Claimant)   First Name (Beneficial Owner)

Last Name (Co-Beneficial Owner)                        First Name (Co-Beneficial Owner)

Company/Other Entity (If Claimant Is Not an Individual)   Contact Person (If Claimant Is Not an Individual)

Trustee/Nominee/Other

Account Number (If Claimant Is Not an Individual)      Trust/Other Date (If Applicable)

Address Line 1

Address Line 2 (If Applicable)

City                                    State                          Zip Code

Foreign Province                                                      Postal Code

Foreign Country

Telephone Number (Day)                              Telephone Number (Night)

Beneficial Owner's Employer Identification Number or Social Security Number

Email Address (Email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim)

**IF YOU FAIL TO SUBMIT A <u>COMPLETE</u> CLAIM BY _____ , 2017 YOUR CLAIM IS SUBJECT TO REJECTION OR YOUR PAYMENT MAY BE DELAYED.**

**NOTICE REGARDING ELECTRONIC FILES:** Certain claimants with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions in electronic files. To obtain the mandatory electronic filing requirements and file layout, you may visit the website at **www.choosegcg.com** or you may email the Claims Administrator, The Garden City Group, LLC, at **www.Cnova@choosegcg.com**. Any file not in accordance with the required electronic filing format will be subject to rejection. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email after processing your file with your claim numbers and respective account information. Do not assume that your file has been received or processed until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at **www.Cnova@choosegcg.com** to inquire about your file and confirm it was received and acceptable.

## SECTION B - SCHEDULE OF TRANSACTIONS IN ORDINARY SHARES*

Provide Cnova N.V. Ordinary Share Trading History from **November 19, 2014** through **February 23, 2016**

1. **PURCHASES/ACQUISITIONS:** List each individual purchase of Cnova N.V. Ordinary Shares from **November 19, 2014** through **March 2, 2017**. [1]

2. **SALES:** List each individual sale of Cnova N.V Ordinary Shares from **November 19, 2014** through **March 2, 2017**,

| Date(s) of Purchase or Acquisition (List Chronologically) (Month/Day/Year) | Number of Ordinary Shares | Purchase Price Per Share | Total Transaction Amount (excluding commissions, taxes, and fees) | Please check the box if this was a purchase in which you covered a "short sale" |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

[1] **Please note**: Information requested with respect to your purchases/acquisitions of Cnova Ordinary shares from February 24, 2016 through and including March 2, 2017, and is needed in order to balance your claim; purchases/acquisitions during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Claim pursuant to the Plan of Allocation.

| Date(s) of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Transaction Amount (excluding commissions, taxes, and fees) | Please check the box if this was a purchase in which you covered a "short sale" |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

4. **ENDING HOLDINGS:** Number of shares of Cnova N.V. Ordinary Shares tendered in the offer by Casino Guichard Perrachon, SA during the Class Period and held at the close of trading on March 2, 2017: (If none, write "zero" or "0"; if other than zero, must be documented.)

**Number of Shares**

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX**

**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED**

## SECTION C – SUPPORTING DOCUMENTATION

**Please Submit Supporting Documentation For Your Claim.** You must submit documentation for your trading history. Acceptable documentation may include: (a) monthly stock brokerage or other investment account statements; (b) trade confirmation slips; (c) a signed letter from your broker on firm letterhead verifying the information you are providing; (d) a Deposit or Escrow Receipt showing your holdings; or (e) other equivalent proof of your transactions. DO NOT SEND ORIGINALS. If you have questions, please call 1-866-613-0970.

## SECTION D – RELEASE

**Please Review the Release For the Claims Against the Defendants and Sign Below.**

1.    I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever release, relinquish and discharge, all of the Released Claims against the Released Parties.

"Released Claims" means any and all claims, debts, actions, causes of action, suits, dues, sums of money, accounts, liabilities, reckonings, bonds, bills, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, awards, extents, executions, and demands whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including without limitation the federal securities laws, whether fixed or contingent, whether accrued or un-accrued, whether asserted or unasserted, whether liquidated or un-liquidated, whether at law or in equity, whether matured or unmatured, whether direct, indirect or consequential, whether class or individual in nature, whether suspected or unsuspected, and whether known claims or Unknown Claims (as defined below), which the Lead Plaintiffs and the Class Members on behalf of themselves, their heirs, executors, representatives, administrators, predecessors, successors, assigns, officers and directors, any and all other persons they represent and any other person or entity claiming (now or in the future) through or on behalf of them, in their individual capacities and in their capacities as purchasers of Cnova ordinary shares , ever had, now has or hereafter can, shall or may have, from the beginning of time through and including the present, whether in their own right or by assignment, transfer or grant from any other person, thing or entity that (i) have been asserted in this Action by the Lead Plaintiffs and Class Members, or any of them, against any of the Released Parties, or (ii) could have been asserted in any forum by the Lead Plaintiffs or Class Members, or any of them, against any of the Released Parties which arise out of, are based upon or relate to, directly or indirectly, the allegations, transactions, facts, statements, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint or relate to the purchase acquisition, transfer, holding, ownership, disposition, or sale of Cnova ordinary shares during the Class Period, including (but not limited to) the purchase or acquisition of Cnova ordinary shares pursuant and/or traceable to the Registration Statement and Prospectus issued in connection with Cnova's November 19, 2014 initial public offering.  Released Claims does not include claims relating to the enforcement of the Settlement or the terms of the Stipulation.

"Released Parties" means the Defendants and their respective present and former direct and indirect parents, subsidiaries, divisions, and affiliates, and any of their present and former officers, directors, members, general partners, limited partners, employees, agents, representatives, attorneys, advisors, associates, associations, fiduciaries, sureties, insurers and reinsurers, shareholders, auditors and accountants, predecessors, heirs, consultants, successors and assigns of each of them, and any other person or entity in which any of the foregoing has or had a controlling interest or which is or was related to or affiliated with any of the foregoing, and anyone acting in concert with any of them.

"Releasing Parties" means Lead Plaintiffs and each of the Class Members on behalf of themselves, their heirs, executors, representatives, administrators, predecessors, successors, assigns, officers and directors.

"Unknown Claims" means any and all Released Claims which any Releasing Party does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that the Lead Plaintiff expressly waives, and each Class Member shall be deemed to have waived, and by operation of the Final Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.
Lead Plaintiffs, as Class representatives, acknowledge that Class Members may discover facts in addition to or different than those that they now know or believe to be true with respect to the subject matter of the release herein, but that it is its intention, on behalf of the Class, to fully, finally, and forever settle and release any and all claims released hereby, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts.  Lead Plaintiffs also acknowledge, and Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a key element of the Stipulation.

2.    I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

3.    I (We) hereby warrant and represent to the best of my (our) knowledge that I (we) have included information about all of my (our) transactions in Cnova ordinary shares during the Class Period.

## SECTION E – CERTIFICATION

Under the penalty of perjury, I (we) certify that:

1.   The number shown below on this form is my (our) current SSN/TIN; and

2.   I (We) certify that I am (we are) not subjected to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

NOTE: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

The Internal Revenue Service does not require your consent to any provision other than the certification required to avoid backup withholding.

Social Security No. (for individuals) or Taxpayer Identification Number

I (We) declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____ , 20_____ in _____ , _____ .
                                     (month)            (year)                 (city)                      (state)


_____          _____
Signature of Claimant                     Signature of Joint Claimant, if any


_____          _____
Print Name of Claimant                    Print Name of Joint Claimant, if any


_____          _____
Date                                      Date


*If Claimant is other than an individual, or is not the person completing this form, the following also must be provided:*


_____          _____
Signature of Person Completing Form       Date


_____          _____
Print Name of Person Completing Form      Capacity of person signing on behalf of Claimant, if other than
                                          an individual, e.g., executor, president, custodian, etc.

## REMINDER CHECKLIST

1. Please sign the above release and certification. If this Claim Form is being made on behalf of joint Claimants, then both must sign.

2. Remember to attach only copies of acceptable supporting documentation.

3. Please do not highlight any portion of the Claim Form or any supporting documents.

4. Do not send original stock certificates or documentation. These items cannot be returned to you by the Claims Administrator.

5. Keep copies of the completed Claim Form and documentation for your own records.

6. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within sixty (60) days. Your claim is not deemed filed until you receive an acknowledgement postcard. If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at 1-866-613-0970.

7. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address. If you change your name, please inform the Claims Administrator.

8. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the above address or at 1-866-613-0970, or visit www.Cnova@choosegcg.com.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, POSTAGE PREPAID, **POSTMARKED NO LATER THAN** _____ , **2017**, ADDRESSED AS FOLLOWS:

**Cnova Securities Class Action**
**Claims Administrator**
**c/o GCG**
**PO Box 10493**
**Dublin, OH 43017-4093**

EXHIBIT A-3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE CNOVA N.V. SECURITIES
LITIGATION

MASTER FILE
16 CV 444-LTS

This Document Relates To:  All Actions

## [PROPOSED] SUMMARY PUBLICATION NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION AND FINAL SETTLEMENT HEARING

**To:**   **All persons and entities that purchased Cnova N.V. ordinary shares from November 19, 2014 through February 23, 2016, both dates inclusive.**

This Summary Notice is given pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York ("Court"), dated [          ], 2017. The purpose of this Summary Publication Notice is to inform you of the proposed settlement of the above-entitled class action ("Action") against defendants Cnova N.V. ("Cnova"), Vitor Faga de Almeida, German Quiroga, Emmanuel Grenier, Jean-Charles Naouri, Libano Miranda Barroso, Eleazar de Carvalho Filho, Didier Leveque, Ronaldo Iabrudi dos Santos Pereira, Arnaud Strasser, Fernando Tracanella, Nicolas Woussen, Yves Desjacques, and Bernard Oppetit, Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated, Credit Suisse Securities (USA) LLC, Deutsche Bank Securities Inc., BNP Paribas Securities Corp., HSBS Securities (USA) Inc., Natixis Securities Americas LLC, and SG Americas Securities, LLC (collectively, the "Defendants").

A settlement hearing will be held before the Honorable Laura Taylor Swain, United States District Judge, at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, at [          ]o'clock _.m.  on [          ] in order: (1) to determine whether the Court should grant certification to the Class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure; (2) to determine whether the proposed Settlement consisting of $28,500,000 in cash should be approved as fair, reasonable, and adequate to the Class and the proposed Final Judgment entered; (3) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable, and should be approved by the Court; (4) to determine whether the applications by Plaintiffs' Lead Counsel for an award of attorneys' fees equal to up to one-third of the Settlement Fund and reimbursement of their litigation expenses should be approved; and (5) to rule upon such other matters as the Court may deem appropriate.

If you purchased or otherwise acquired Cnova ordinary shares between November 19, 2014 and February 23, 2016 (both dates inclusive), and are not otherwise excluded from the

Class, you are a Class Member. Class Members will be bound by the Final Judgment of the Court. If you are a Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim postmarked no later than **[CLAIM FILING DEADLINE]**, establishing that you are entitled to recovery. A Proof of Claim is being sent with this Notice. If you are a Class Member and need an additional Proof of Claim, copies may be obtained by telephoning the Claims Administrator at 1-866-613-0970 or by downloading the form on the internet at www.choosegcg.com.

If you do not wish to be included in the Class, you do not wish to participate in the Settlement and you do not wish to receive a distribution from the Net Settlement Fund, you may request to be excluded, in the manner set forth in the full Notice of Pendency of Class Action and Proposed Settlement ("Notice"), no later than **[OPT OUT DEADLINE]**. If you are a Class Member and do not timely and validly request exclusion from the Class, and you wish to object to the Settlement, the Plan of Allocation, and/or Plaintiffs' Lead Counsel's application for an award of attorneys' fees and/or reimbursement of expenses, you may submit a written objection. You also may, but are not required to, appear at the Settlement Hearing. You must file and serve your written objection, in the manner specifically set forth in the Notice, no later than **[OBJECTION DEADLINE]**.

This Summary Notice is only a summary of information regarding the Action, and the Settlement. You are urged to obtain a copy of the full, detailed Notice of Pendency of Class Action and Proposed Settlement, which includes, among other things, a description of: (1) the litigation in the Action prior to the Settlement; (2) the terms of the proposed Settlement; (3) the benefits of the Settlement to the Class; (4) the Plan of Allocation for the proceeds of the Settlement; (5) the rights of Class Members; (6) the release of claims against Defendants; (7) the application for an award of attorneys' fees and expenses; and (8) additional details concerning the Settlement Hearing, excluding oneself from the Class and/or objecting to the Settlement, the Plan of Allocation, and/or the application for attorneys' fees and/or reimbursement of expenses, including the procedures that MUST be followed for Class Members to request exclusion from the Class or to object to the Settlement, the Plan of Allocation and/or application for attorneys' fees and/or reimbursement of expenses.

**To obtain a copy of the full Notice of Pendency of Class Action and Proposed Settlement may be accessed at: www.choosegcg.com, and for additional information, you may contact The Garden City Group, LLC, the Claims Administrator, at the following address:**

Cnova Securities Class Action
Claims Administrator
c/o GCG
PO Box 10493
Dublin, OH 43017-4093

**PLEASE DO NOT CONTACT THE COURT OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

2

Dated: [                    ], 2017            Honorable Laura Taylor Swain
                                               United States District Judge